# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

JAMAL BROWN,

Defendant.

CASE NO.: 4:20-cr-22

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's April 2, 2021, Report and Recommendation, (doc. 254), to which Defendant has filed objections, (doc. 257). The Court, therefore, **ADOPTS** the Report and Recommendation as the opinion of the Court and **DENIES** Defendant's motion to suppress, (doc. 188).

Because Defendant's objection does not take issue with the Report and Recommendation's presentation of the factual background, a full recitation is not necessary here. In the motion at issue, Brown seeks suppression of evidence collected pursuant to a search warrant executed on a residence located at 631 Tatem Street in Savannah, Georgia. (Doc. 254 at 1-2.) Officers seized "a brown partially burned cigarette believed to contain marijuana; two cups containing a yellow powder residue believed to be MDMA; a black scale containing yellow powder residue; a Smith & Wesson .40 caliber handgun; a .40 caliber magazine; six boxes of an over the counter sleep aid; 2 boxes of Family Wellness brand stay awake tablets; 3 boxes of assorted food coloring and dyes; one Apple iPhone believed to belong to [Defendant Brown]; and one Apple iPhone believed to belong to [the other resident]." (Doc. 188 at 3.) After the warrant was executed, Brown was

advised of his *Miranda* rights and agreed to talk to law enforcement without an attorney. (Doc. 254 at 3.)  He made several incriminating statements during this interview.  (Id.)

Brown's motion principally argued that the warrant was issued without sufficient probable cause.  (Doc. 254 at 3-4.)  Specifically, he argued that much of the evidence cited to establish probable cause for the search of the Tatum Street residence related to another residence, located on Eleanor Street in Savannah, Georgia.  (Id. at 7.)  His objection reiterates that that argument remains "the true crux of the suppression motion."  (Doc. 257 at 12.)  The evidence supporting probable cause to search the Tatum Street residence, he contends, relies upon "conclusory statements of alleged connection [between the Tatum Street residence and the Eleanor Street residence] that, upon further scrutiny, simply evaporate."  (Id. at 13.)  The objection also reiterates his contention that an anonymous Crime-Stoppers tip, reported in the affidavit supporting the warrant application, was not supported by indicia of reliability, and should therefore be excised from the probable-cause analysis.  (Id. at 11; see also doc. 188 at 10.)  The objection concedes that the Magistrate Judge applied the correct legal standard to evaluate the sufficiency of the warrant application but contends that the Magistrate Judge incorrectly found that the evidence was sufficient to support probable cause.  (Id. at 13-14.)  As in the original motion, the argument for suppression of Brown's statements depends entirely upon the validity of the search.  (See id. at 14 (seeking suppression of Brown's statements "as fruits obtained from an unreasonable and unconstitutional search and seizure."); see also doc. 188 at 11 (same)).

As the Magistrate Judge explained, (doc. 254 at 8), in evaluating whether a search warrant was issued based on probable cause, "[a] reviewing court's task is not to make a *de novo* finding of probable cause but rather to decide whether the issuing magistrate—whose assessment of the affidavit's factual presentation is entitled to 'great deference'—had a 'substantial basis' for finding

2

probable cause." United States v. Rangel, 2018 WL 817845, at * 6 (S.D. Ga. Jan. 18, 2018) (quoting Illinois v. Gates, 462 U.S. 213, 236, 238-39 (1983)); see also United States v. Giddens, 2019 WL 6971496, at * 1 (S.D. Ga. Dec. 18, 2019) ("[T]he task of a reviewing court is *not* to make a *de novo* probable cause determination, but only to determine whether the issuing magistrate had a 'substantial basis' for the probable-cause finding."). Moreover, "[t]he Supreme Court has recognized that '[r]easonable minds frequently may differ' on whether an affidavit *establishes* probable cause, in order to accommodate the preference for warrants and to avoid perennial reevaluations of those determinations, the original determination is entitled to 'great deference.'" Giddens, 2019 WL 6971496, at * 1 (quoting United States v. Leon, 468 U.S. 897, 914 (1984)).

Under this proper deferential standard, the Magistrate Judge correctly determined that the affidavit in support of the warrant application provided, at least, a substantial basis for finding probable cause. (See doc. 254 at 10-12.) Defendant's objection merely reiterates his contention that the affidavit's contents are "conclusory," without responding substantively to the Magistrate Judge's determination that, though several statements in the affidavit are based on the affiant's "knowledge, training, and experience," they were, nevertheless, properly considered in the probable cause evaluation. (See id. at 10-11 (quoting United States v. Robinson, 62 F.3d 1325, 1331 n. 9 (11th Cir. 1995).) The Magistrate Judge also explained his sound reasons for rejecting Brown's argument that the anonymous tip reported in the warrant application must be excluded from consideration. (See doc. 254 at 11-12). Although Brown's objection reiterates his position that "[w]ithout an ability to gauge the veracity of the . . . tip, it should be discounted completely when considering the affidavit in support of the warrant application," (doc. 257 at 11), the case he cites rejects narrow reliability evaluations, see United States v. McZilkey, 2007 WL 3046498, at * 2 (S.D. Ga. Oct. 16, 2007) ("Under the 'totality of the circumstances' test, there is no rigid

3

demand that specific tests be satisfied before an informant's tip can be relied on." (citing Gates, 462 U.S. at 230-31)). The Magistrate Judge correctly considered the probable-cause value of the tip in the totality of the circumstances, particularly the corroboration provided by investigations conducted after the tip was received. (See doc. 254 at 11-12). The Magistrate Judge correctly concluded, therefore, that the issuing magistrate had a "substantial basis" for his probable-cause determination.

Brown's objection also does nothing to address the Magistrate Judge's recognition that, even if he or this Court disagreed with the issuing magistrate's probable-cause determination, the good-faith exception to the exclusionary rule provides an alternative basis to deny the suppression motion. (See doc. 254 at 12-13). To be sure, defendant disputes whether officers could have reasonably believed they had established probable cause. (Doc. 257 at 14.) However, "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination . . . ." Leon, 468 U.S. at 921. As Leon recognized, "[o]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law." Id. at 921 (internal quotation marks, citation, and alteration omitted). As discussed above, probable-cause determinations are often subject to reasonable disagreement. Defendant's disagreements with the probable-cause determination, while perhaps reasonable, simply do not show that officers had "no reasonable grounds for believing that the warrant was properly issued." (Doc. 257 at 14 (quoting Leon, 468 U.S. at 922-23).) Leon's good-faith exception to the exclusionary rule, therefore, provides an alternative ground to deny suppression of the fruits of the search.

As the Magistrate Judge succinctly summarized: "Although the warrant application in this case may have lacked a 'smoking gun,' it certainly contained a 'substantial basis' for the issuing magistrate's probable-cause finding. However, even if probable cause were lacking, it was not

so lacking that a reasonable officer could not have relied upon it." (Doc. 254 at 13.) Since the Court agrees with the Report and Recommendation's determination that the warrant was not defective, there is no basis to suppress Brown's statements as "fruit of the poisonous tree." Accordingly, Court **ADOPTS** the Report and Recommendation, (doc. 254), as the opinion of the Court and **DENIES** Defendant's motion to suppress, (doc. 188).

**SO ORDERED**, this 24th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA